# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL FILE No. 1:16-CV-149-MR
# CRIMINAL FILE No. 1:12-CR-85-MR

| | |
|---|---|
| DONZELL ALI McKINNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this habeas action in abeyance. [CV Doc. 5].[1]  According to the government's motion, defense counsel has consented to its request. [Id.].

McKinney was convicted by plea of conspiracy to commit a Hobbs Act robbery (18 U.S.C. § 1951(a)), and discharge of a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)).  [CR Doc. 22]. The Court sentenced McKinney to a total term of imprisonment of 190

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-CV-149-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:12-CR-85-MR.

months (70 months for the Hobbs Act offense and 120 months consecutive for the firearms offense). [Id. at 2].

On June 3, 2016, McKinney commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, McKinney contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), conspiracy to commit a Hobbs Act robbery no longer qualifies as a "crime of violence" under the Guidelines. Consequently, McKinney asserts that since his Hobbs Act offense no longer qualifies as a "crime of violence," it likewise cannot support his § 924(c) conviction and such conviction must be vacated. [Id.].

In response to McKinney's petition, the government has filed a motion to hold this proceeding in abeyance. The government notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The appellants in Ali and Simms both contend that a Hobbs Act robbery (and additionally in Ali, conspiracy to commit a Hobbs Act robbery) can no longer be considered

2

a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus any § 924(c) conviction predicated thereon is void.

Based upon the foregoing reasons, and with McKinney's consent, the Court concludes that the government's motion should be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 5], is hereby **GRANTED** and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the Ali and Simms cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**

Signed: July 29, 2016

Martin Reidinger
United States District Judge